IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KAYLA SMITH**<br><br>       **Plaintiff,**<br><br>v.<br><br>**CAMDEN DEVELOPMENT, INC, ET AL.,**<br><br>       **Defendants.** | **Civil Action No. 1:24-cv-00428** |

**DEFENDANT CAMDEN DEVELOPMENT, INC.'S REPLY IN FURTHER SUPPORT
OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT,
OR IN THE ALTERNATIVE,
MOTION FOR SUMMARY JUDGMENT**

i

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................... 1

II. ARGUMENT ......................................................................................................................... 1

   A. Camden has Standing to Raise Arguments Regarding Mr. Mancilla's Liability. ............... 1

   B. The D.C. Workers' Compensation Law Governs Ms. Smith's Negligence And Battery Claims ................................................................................................................................... 3

   C. Ms. Smith Erroneously Contends That She Has Pled A Basis For Imputing Liability for Sexual Harassment to Camden ............................................................................................. 5

      1. *Ms. Smith provides no support for her argument that the 2022 amendments to the DCHRA changed the standard for imputing liability to an employer under the DCHRA.* ...... 5

      2. *Ms. Smith's confusing arguments do not save her sexual harassment claims under the DCHRA and Title VII based on the "hugging" video.* ............................................................. 7

III. CONCLUSION .................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ahuja v. Detica Inc.*,
   742 F. Supp. 2d 96 (D.D.C. 2010) ............................................................................................ 9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................................. 8

*Bereston v. UHS of Delaware, Inc.*,
   180 A.3d 95 (D.C. 2018) .......................................................................................................... 6

*Brown v. Mayorkas*,
   Civil Action 20-3107 (TJK) (D.D.C. May 8, 2023) ................................................................. 8

*Clements v. Ace Cash Express, Inc.*,
   2005 U.S. Dist. LEXIS 12610 (D.D.C. June 23, 2005) ........................................................... 4

*Doe v. United States*,
   797 F. Supp. 2d 78 (D.D.C. 2011) ........................................................................................ 3, 4

*Elhusseini v. Compass Grp. USA, Inc.*,
　578 F. Supp. 2d 6 (D.D.C. 2008) ............................................................................................. 9

*Est. of Underwood v. Nat'l Credit Union Admin.*,
　665 A.2d 621 (D.C. 1995) .................................................................................................. 3, 4

*Faragher v. City of Boca Raton*,
　524 U.S. 775 (1998) ................................................................................................................ 8

*Grillo v. Nat'l Bank of Washington*,
　540 A.2d 743 (D.C. 1988) ....................................................................................................... 4

*Hamilton v. Sanofi-Aventis U.S., Inc.*,
　628 F. Supp. 2d 59 (D.D.C. 2009) .......................................................................................... 4

*Howard Univ. v. Best*,
　484 A.2d 958 (D.C. 1984) ....................................................................................................... 5

*Hylton v. Watt*,
　Civil Action No. 17-2023 (RDM) (D.D.C. Sep. 13, 2018) ..................................................... 8

*Jianqing Wu v. Special Couns.*,
　No. 14-7159, 2015 WL 10761295 (D.C. Cir. Dec. 22, 2015) ................................................. 8

*Kingman Park Civic Ass'n v. Gray*,
　27 F. Supp. 3d 142 (D.D.C. 2014) .......................................................................................... 8

*Liam Meyer Irrevocable Tr. v. Chan*,
　2024 WL 557765 (E.D. Cal. Feb. 12, 2024) ........................................................................... 2

*Literature, Inc. v. Quinn*,
　482 F.2d 372 (1st Cir. 1973) ................................................................................................... 2

*Lockhart v. Coastal Int'l Sec., Inc.*,
　905 F. Supp. 2d 105 (D.D.C. 2012) ........................................................................................ 3

*Seymour v. Bache & Co.*,
　502 F. Supp. 115 (S.D.N.Y. 1980) ......................................................................................... 2

*In re Shelton Federal Group, LLC*,
　Case No. 15-00623 (Bankr. D.D.C. Jul. 26, 2017) ................................................................. 1

*Silverton v. Dep't of Treasury of U. S. of Am.*,
　644 F.2d 1341 (9th Cir. 1981) ................................................................................................ 2

*Vanzant v. Washington Metro. Area Transit Auth.*,
　557 F. Supp. 2d 113 (D.D.C. 2008) ........................................................................................ 3

**Statutes**

15 U.S.C. § 1125(a) ...........................................................................................................................1

28 U.S.C. § 1915(d) ..........................................................................................................................2

Title VII of the Civil Rights Act ...................................................................................................3, 9

D.C. Code Ann. § 2-1402.11 ............................................................................................................6

D.C. Workers' Compensation Law...................................................................................................3

DC Human Rights Act ........................................................................................................2, 3, 5, 7, 9

Human Rights Enhancement Act......................................................................................................5

Lanham Act.......................................................................................................................................1

WCA ........................................................................................................................................3, 4, 5

**Other Authorities**

Fed. R. Civ. P. ...........................................................................................................................1, 8, 9

*Report of Committee on Government Operations and Facilities*
   https://lims.dccouncil.gov/downloads/LIMS/47097/Committee_Report/B24B2
   4-0229-Committee_Report1.pdf?Id=138834 ..............................................................................5

Rule 56 .............................................................................................................................................9

Defendant, Camden Development, Inc. ("Camden") by and through undersigned counsel hereby submits this Reply in Further Support of its Partial Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Motion for Summary Judgment and in support states as follows:

## I.     INTRODUCTION

Plaintiff Kayla Smith ("Ms. Smith") fails to refute the grounds set forth in Camden's brief for the Court dismissing her claims of sexual harassment, negligence and battery (Counts I-VI) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In a futile attempt to save these claims, Ms. Smith re-casts her claims of disparate treatment, misconstrues case law and statutory language, and relies on improper procedural arguments. For these reasons, as set forth more fully below and in Defendant's opening brief, Camden respectfully requests the Court grant its motion and dismiss Plaintiff's Complaint at Counts I-VI with prejudice.

## II.    ARGUMENT

### A.    Camden has Standing to Raise Arguments Regarding Mr. Mancilla's Liability.

Ms. Smith contends that Camden cannot assert defenses on Mr. Mancilla's behalf because it lacks the standing to do so. Opp. at 4. In support of this argument, Ms. Smith relies on case law which does not support this proposition. For example, in *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, the issue was whether the Plaintiff-Respondent had standing to assert a claim under the Lanham Act. The question was whether Plaintiff-Respondent fell within the class of plaintiffs that Congress authorized to sue under 15 U.S.C. § 1125(a). 572 U.S. 118, 118 (2014). In *In re Shelton Federal Group, LLC*, Case No. 15-00623 (Bankr. D.D.C. Jul. 26, 2017), the issue was whether a party had standing to oppose the reissuance of a summons to a third party in a bankruptcy proceeding.

1

Contrary to Ms. Smith's contention, in appropriate circumstances, a court may dismiss a claim even if a party has not entered his or her appearance, as is the case with Mr. Mancilla. *See, e.g.,* 28 U.S.C. § 1915(d)(stating that the Court may *sua sponte* dismiss a claim brought by a plaintiff *in forma pauperis* even if defendant has not responded); *Seymour v. Bache & Co.*, 502 F. Supp. 115 (S.D.N.Y. 1980)(court rejected argument that plaintiff did not have standing to seek dismissal of a cross-claim that did not affect plaintiff); *Literature, Inc. v. Quinn*, 482 F.2d 372, 374 (1st Cir. 1973)(the court stated that "while no motion to dismiss had been filed, a district court may, in appropriate circumstances, note the inadequacy of the complaint, and, on its own initiative, dismiss the complaint."). Moreover, where an issue relating to a co-defendant is important to a claim of another party, courts have likewise considered motions to dismiss. *See e.g. Liam Meyer Irrevocable Tr. v. Chan*, 2024 WL 557765 (E.D. Cal. Feb. 12, 2024) ("While less than all defendants have moved to dismiss the complaint a district court may dismiss claims asserted against a non-moving defendant where the non-moving defendant is in a similar position to that of a moving defendant"); *see also Silverton v. Dep't of Treasury of U. S. of Am.*, 644 F.2d 1341, 1345 (9th Cir. 1981)("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.").

Here, it is clear that whether Mr. Mancilla was a "supervisor" is an important issue which the Court must resolve. Therefore, even if Camden does not have standing to assert this defense on his behalf, the Court should *sua sponte* dismiss Ms. Smith's claim under the DC Human Rights Act (DCHRA) against him.

**B.     The D.C. Workers' Compensation Law Governs Ms. Smith's Negligence And Battery Claims.**

Next, Ms. Smith misconstrues Camden's contention that her exclusive remedy for common law negligence and battery is the D.C. Workers' Compensation Law ("WCA"). Ms. Smith's sole argument is that sexual harassment is not a risk involved in or "incidental to employment," and therefore her negligence and battery claims are not barred. Opp. at 5. Here, Ms. Smith erroneously conflates her claims for negligence (Count V) and battery (Count VI) with her separate statutory claim for sexual harassment under Title VII of the Civil Rights Act ("Title VII) and the DCHRA.

As set forth in Camden's opening brief, Ms. Smith's claims for battery and negligence are precisely the type of claims for which the WCA is designed to be the exclusive remedy. *See, e.g., Lockhart v. Coastal Int'l Sec., Inc.*, 905 F. Supp. 2d 105, 117 (D.D.C. 2012) (observing that "the law in this jurisdiction is clear that the WCA is the exclusive remedy for work-related injuries, with the result that common law tort claims arising from such injuries, such as claims for negligence, negligent or intentional infliction of emotional distress, and assault, are barred in civil actions."); *Doe v. United States*, 797 F. Supp. 2d 78, 82 (D.D.C. 2011) ("The WCA is typical among workers' compensation statutes in both its exclusivity provisions and its breadth."); *Vanzant v. Washington Metro. Area Transit Auth.*, 557 F. Supp. 2d 113, 117 (D.D.C. 2008) ("The WCA is the exclusive remedy for a workplace injury.").

Ms. Smith's common law tort claims are distinguishable from those in *Estate of Norwood* because they are not premised on the same facts as her statutory sexual harassment claim. *Est. of Underwood v. Nat'l Credit Union Admin.*, 665 A.2d 621, 635 (D.C. 1995) ("In sum, [plaintiff's] claim for intentional infliction of emotional distress, based on her allegations of sexual harassment, does not reflect an "injury" compensable under the WCA; it did not 'arise out of' her employment and was not inflicted on her by a third person "because of" her employment.") Further, the alleged

3

perpetrator in *Estate of Norwood* was a supervisor. *Id.* at 625. In contrast, Ms. Smith's common law tort claims allege injuries due to a purported "Hug Life" policy. Compl. ¶¶ 109, 113. Ms. Smith's negligence and battery claims against Camden stem from the alleged harms that Ms. Smith suffered because of the purported "Hug Life" policy. There is no allegation that Camden intended to cause Ms. Smith harm in Counts V and VI. To the contrary, the only alleged intentional conduct is attributable to Mr. Mancilla, who was not a supervisor or manager, Compl. ¶ 114. Mot. at 9.

Ms. Smith's common law tort claims of negligence and battery are covered under the WCA because (1) she has not alleged that Camden specifically intended for Mr. Mancilla's alleged actions to take place and (2) the alleged battery is the result of the willful actions of a third party. The only injuries that fall outside the scope of the WCA are "injuries specifically intended by the employer to be inflicted on the particular employee who is injured." *Clements v. Ace Cash Express, Inc.*, 2005 U.S. Dist. LEXIS 12610, at *4 (D.D.C. June 23, 2005) (quoting *Grillo v. Nat'l Bank of Washington*, 540 A.2d 743, 744 (D.C. 1988)). The WCA specifically covers injuries that are the result of willful and intentional conduct of either a fellow employee (including a supervisor) or a third party, so long as the employer did not intend those parties' actions. *Grillo*, 540 A.2d at 751; *Clements, supra* (dismissing complaint where "there is no question that [the plaintiff's] alleged injuries are covered by the WCA because they were the result of 'the willful act of a third person directed against an employee because of her employment.'"). "Specific intent by the employer will not be found even where an employer has knowledge to a 'substantial certainty' that an injury will result from an act." *Doe*, 797 F. Supp. 2d at 83–84. "[O]nly actions by an individual 'who is realistically the alter ego of the corporation and not merely a foreman, supervisor or manager' can be treated as the intentional acts of the employer itself." *Hamilton v. Sanofi-Aventis U.S., Inc.*, 628 F. Supp. 2d 59, 63 (D.D.C. 2009) (quoting *Rustin v. District of Columbia*, 491 A.2d

4

496, 501 (D.C. 1985)). Ms. Smith has not adequately pled those facts, and thus, Ms. Smith's injuries arising from the alleged negligence and battery are presumed to be covered under the WCA.

    C.    **Ms. Smith Erroneously Contends That She Has Pled A Basis For Imputing Liability for Sexual Harassment to Camden**
        1.    *Ms. Smith provides no support for her argument that the 2022 amendments to the DCHRA changed the standard for imputing liability to an employer under the DCHRA.*

Ms. Smith provides no authority for her apparent contention that the DCHRA no longer requires a plaintiff to prove the element of "respondeat superior." *Howard Univ. v. Best*, 484 A.2d 958, 978 (D.C. 1984)(Court stated "[t]o establish a prima facie case of sexual harassment under Title VII, a plaintiff must demonstrate that (1) she is a member of a protected class; (2) she has been subject to unwelcome sexual harassment; (3) the harassment complained of was based on sex; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) *respondeat superior*.)(citation omitted)(emphasis added). Ms. Smith ignores the fact that the legislative history states the reason for enacting the Human Rights Enhancement Act (DCHREA) was to "clarify and enhance protections against workplace harassment." *See* D.C. Act 24-491. Ms. Smith correctly notes that sexual harassment is established under the DCHRA based on a "totality of the circumstances" test. Notably, the DC City Council stated, "[t]he new subsection should not only [] help tribunals who are evaluating allegations of harassment after the fact, but also should help employers understand their obligations and incentives to avoid harassment more easily . . .). *Report of Committee on Government Operations and Facilities* https://lims.dccouncil.gov/downloads/LIMS/47097/Committee_Report/B24B24-0229-Committee_Report1.pdf?Id=138834 at 8. Because Ms. Smith has not adequately pled *respondeat superior*, her sexual harassment claims under the DCHRA must fail.

Ms. Smith is correct that the totality of the circumstances test takes into consideration"[w]hether any party to the conduct held a position of formal authority over or informal power relative to another party." D.C. Code Ann. § 2-1402.11 (West). Interestingly, Ms. Smith appears to concede that Mr. Mancilla did not have authority over her. Ms. Smith argues that the Act, "does not require Mr. Mancilla to be Ms. Smith's direct supervisor, or hold any position of informal authority over her, for either defendant to be held liable for sexual harassment." *Id*. While that may be true for determining whether an employee has met her burden of proving sexual harassment, it does not overcome the fact that Ms. Smith must allege facts which make it plausible that Camden knew or should have known that Mr. Mancilla, a non-supervisory employee, would engage in the conduct which Ms. Smith alleges or that Camden acquiesced in the behavior. *Bereston v. UHS of Delaware, Inc.*, 180 A.3d 95, 114 (D.C. 2018)("an employer can only be liable for co-workers' retaliatory harassment where its supervisory or management personnel either (1) orchestrate the harassment or (2) know about the harassment and acquiesce in it in such a manner as to condone and encourage the co-workers' actions.") citing *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1265 (10th Cir. 1998).

### 2. *Ms. Smith's confusing arguments do not save her sexual harassment claims under the DCHRA and Title VII based on the "hugging" video.*

In her response to Camden's motion, Ms. Smith appears to be attempting to assert a new basis for recovery for sexual harassment – disparate impact. Opp. at 8. Ms. Smith first outlines the *prima facie* case for hostile work environment under Title VII. After outlining that legal standard, Ms. Smith asserts "[a]dditionally, [d]iscrimination can also occur when a facially-neutral policy unfairly affects ('impacts") one or more employees, because of race, color, creed, national origin, sex or age." *Id*. (citation omitted). Ms. Smith ignores the fact that she only pled a disparate treatment claim, not a disparate impact claim. As Justice Scalia stated in *Raytheon Co. v. Hernandez*, there is a distinction between "disparate treatment" and "disparate impact" claims of discrimination.

> This Court has consistently recognized a distinction between claims of discrimination based on disparate treatment and claims of discrimination based on disparate impact. The Court has said that "`[disparate treatment' . . . is the most easily understood type of discrimination. The employer simply treats some people less favorably than others because of their race, color, religion, sex, or [other protected characteristic]." . . . Liability in a disparate-treatment case "depends on whether the protected trait . . . actually motivated the employer's decision." . . . By contrast, disparate-impact claims "involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." . . . Under a disparate-impact theory of discrimination, "a facially neutral employment practice may be deemed [illegally discriminatory] without evidence of the employer's subjective intent to discriminate that is required in a `disparate-treatment' case."

540 U.S. 44, 52 (2003) (citations omitted).

Only in her opposition to this Motion does Ms. Smith assert a "facially-neutral" policy, Opp. at 8, and allege "[b]ut for [the hugging policy's] existence, neither Ms. Smith, nor many

7

similarly situated women[1] would feel compelled to hug an older male co-worker in an empty apartment, *id*. First, it is well settled that a plaintiff cannot amend a complaint by her brief in opposition to a motion to dismiss. *Kingman Park Civic Ass'n v. Gray*, 27 F. Supp. 3d 142, 160 n.7 (D.D.C. 2014). Second, the standard for dismissal under Fed. R. Civ. P. 12(b)(6) specifically states, that it is not enough for a complaint to create a mere suspicion of a legally cognizable right of action or make a "blanket assertion" of entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). Nowhere does Ms. Smith plead facts which show that it is plausible that a statistical disparity exists among the group of people allegedly affected by the challenged practice. *Brown v. Mayorkas*, Civil Action 20-3107 (TJK) (D.D.C. May 8, 2023)(Court granted motion to dismiss disparate impact claim although extensive statistical evidence of a disparity was not required.); *see also Hylton v. Watt*, Civil Action No. 17-2023 (RDM) (D.D.C. Sep. 13, 2018); *Jianqing Wu v. Special Couns.*, No. 14-7159, 2015 WL 10761295, at *1 (D.C. Cir. Dec. 22, 2015). Therefore, Ms. Smith cannot survive Camden's Motion based on her contention that she has asserted a "disparate impact" claim.

Separately, Ms. Smith erroneously contends that she did not have an obligation to report to Camden that she was uncomfortable with the purported "hugging" policy because that obligation only exists where the conduct was perpetuated by a co-worker. Opp. at 10. Ms. Smith contends that "[it] was not Ms. Smith's coworker who required her to watch the hugging video; it was Camden." *Id.* Therefore, Camden can raise the affirmative defenses recognized in *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998)(Court found that an employer could defend a claim of harassment by a supervisor, in part, on the basis that the employee failed to take advantage

---

[1] Ms. Smith contends that her Complaint describes how the orientation video depicts women hugging women and women hugging men. Compl. ¶ 24. This assertion itself asks the Court to make an inference based on a stereotype. It presumes both that men cannot become uncomfortable when hugged by a woman and further that men could not be offended by seeing women hugging other women.

8

of any preventive or corrective opportunities provided by the employer or avoid harm otherwise.). Contrary to Ms. Smith's argument, as argued in Camden's brief, the negligence standard applies where the alleged harassment was perpetrated by a co-worker, like Mr. Mancilla. Mot. at 10-12.

Finally, Camden did argue that Ms. Smith failed to properly plead vicarious liability under the DCHRA. *See* Mot. at 10-11. It is well-established that the DCHRA and Title VII harassment claims are analyzed under the same legal standard. *See, e.g., Elhusseini v. Compass Grp. USA, Inc.*, 578 F. Supp. 2d 6, 10 (D.D.C. 2008) n. 4 (D.D.C. 2008) (collecting cases). Ms. Smith provides no authority to support her apparent contention that there is a different legal standard for vicarious liability under the DCHRA. Accordingly, Camden requests that this Court dismiss Counts I-IV of her Complaint with prejudice.

### D. Camden's Motion is Not Procedurally Defective.

Ms. Smith's last ditch effort to avoid dismissal lies in improper procedural arguments. Here, Ms. Smith contends that Camden should have filed a statement of undisputed material facts. Ms. Smith's argument ignores the well-settled rule that the Court can consider matters outside the pleadings without converting the motion to one for summary judgment. However, if the Court determines that the Motion should be treated as one for summary judgment, the absence of a statement of undisputed facts, does not require dismissal of the Motion in its entirety. Rather, the Court must give all parties a reasonable opportunity to present material made pertinent to a Rule 56 motion. Fed. R. Civ. P. 12(d). However, "no useful purpose can be served by [Fed. R. Civ. P. 12(d)'s notice-and opportunity requirement's] application where it is clear that the dispositive facts will remain undisputed and unchanged." *Ahuja v. Detica Inc.*, 742 F. Supp. 2d 96, 102 (D.D.C. 2010)(citations omitted). As noted above, Ms. Smith appears to have conceded that Mr. Mancilla was not her supervisor. As such, the Court should not deny Camden's Motion based on a purported procedural deficiency.

## III. CONCLUSION

For the foregoing reasons, Camden respectfully requests that its Partial Motion to Dismiss Plaintiff's Complaint or in the Alternative, for Summary Judgment be granted, and that Counts I-VI be dismissed with prejudice.

Dated: April 9, 2024

/s/ Alison N. Davis
Alison N. Davis (D.C. Bar No. 429700)
Alexis Bosilovic (D.C. Bar. No. 90000648)
LITTLER MENDELSON, P.C.
815 Connecticut Avenue, NW
Suite 400
Washington, DC  20006-4046
202.842.3400
866.724.3975 (Facsimile)
andavis@littler.com
abosilovic@littler.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, on this 9 day of April, 2024, that a copy of the foregoing Motion was served via the Court's electronic filing system upon:

/s/Alison N. Davis
Alison N. Davis
