IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KAYLA SMITH,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**CAMDEN DEVELOPMENT, INC, ET AL.,**<br><br>      **Defendants.** | Civil Action No. 1:24-cv-00428-TJK |

### DEFENDANT CAMDEN DEVELOPMENT, INC.'S ANSWER TO PLAINTIFF KAYLA SMITH'S COMPLAINT

Defendant Camden Development, Inc. (hereinafter "Defendant"), by counsel, hereby submits its Answer, and affirmative and other defenses to the Complaint of Plaintiff Kayla Smith ("Plaintiff") and states as follows, according to the numbered paragraphs:

### NATURE OF ACTION

Defendant admits the allegations in the unnumbered first and fourth paragraphs. Defendant denies the remainder of the allegations in the unnumbered paragraphs.

### PARTIES

1. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint. To the extent that a response is required, denied.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Defendant admits the allegations in Paragraph 3 of the Complaint, but denies that it has engaged in any wrongdoing or that Plaintiff is entitled to any relief.

## JURISIDCITION AND VENUE

4.     Defendant admits that Plaintiff invokes the subject matter jurisdiction of the Court pursuant to the statute cited in Paragraph 4 of the Complaint. Defendant further states that the existence of jurisdiction is a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant admits that this Court has jurisdiction over the claims Plaintiff has alleged, but denies that it engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever.

5.     Defendant admits that Plaintiff invokes supplemental jurisdiction of the Court pursuant to the statute cited in Paragraph 5 of the Complaint. Defendant further states that the existence of jurisdiction is a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant admits that this Court has jurisdiction over the claims Plaintiff has alleged, but denies that it engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever.

6.     Defendant admits that Plaintiff invokes the venue of the Court pursuant to the statute cited in Paragraph 6 of the Complaint. Defendant further states that the existence of venue is a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant admits the District of Columbia is a proper venue for the claim Plaintiff has alleged, but denies that it engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever.

7.     Defendant admits that Plaintiff invokes personal jurisdiction of the Court based on Defendant's continued connections with the District of Columbia. Defendant further states that the existence of jurisdiction is a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant admits that this Court has jurisdiction over the claims

Plaintiff has alleged, but denies that it engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever.

8. No response to the allegations in Paragraph 8 of the Complaint are required as the Court dismissed Plaintiff's claim under Title VII of the Civil Rights Act of 1964 on December 16, 2024.

## STATEMENT OF FACTS

9. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint. To the extent that a response is required, admitted.

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint. To the extent that a response is required, denied.

12. Defendant admits the allegations in Paragraph 12 of the Complaint.

13. Defendant admits that Ms. Smith split her time between Defendant's Roosevelt and Camden South Capitol locations. Defendant denies that 1345 South Capitol Street SW, Washington, D.C. 20003 is the address for both the Roosevelt and Camden South Capitol locations.

14. Defendant admits the allegations in Paragraph 14 of the Complaint.

15. Defendant admits the allegations in Paragraph 15 of the Complaint.

16. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint. To the extent that a response is required, denied.

17. Defendant admits that it provided training on what to do with an active shooter while showing an apartment. Defendant denies that it did not provide any training regarding sexual harassment or sexual assault.

18. Defendant admits the allegations in Paragraph 18 of the Complaint.

19. Defendant admits the allegations in Paragraph 19 of the Complaint.

20. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint. To the extent that a response is required, denied.

21. Defendant admits the allegations in Paragraph 21 of the Complaint.

22. Defendant admits the allegations in Paragraph 22 of the Complaint.

23. Defendant admits the allegations in Paragraph 23 of the Complaint.

24. Defendant admits the allegations in Paragraph 24 of the Complaint.

25. Defendant admits the allegations in Paragraph 25 of the Complaint.

26. Defendant admits the allegations in Paragraph 26 of the Complaint.

27. Defendant admits the allegations in Paragraph 27 of the Complaint.

28. Defendant admits the allegations in Paragraph 28 of the Complaint.

29. Defendant admits the allegations in Paragraph 29 of the Complaint.

30. Defendant admits the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

### Ms. Smith's Work at Camden

32. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint. To the extent that a response is required, denied.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the first sentence of Paragraph 34 of the Complaint. Defendant lacks the knowledge or information sufficient to form a belief regarding the truth of the allegations in the second sentence of Paragraph 34. Defendant denies the remaining allegations in Paragraph 34 of the Complaint.

35. Defendant admits that Plaintiff and José Mancilla ("Mr. Mancilla") were co-workers. Defendant denies that Mr. Mancilla was a Maintenance Manager at its South Capitol location. Defendant denies that Mr. Mancilla was a non-direct manager.

36. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint. To the extent that a response is required, denied.

37. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint. To the extent that a response is required, denied.

**Camden's Employee Sexually Assaulted Ms. Smith**

38. Defendant admits the allegations in Paragraph 38 of the Complaint.

39. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint. To the extent that a response is required, denied.

40. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint. To the extent that a response is required, denied.

41. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint. To the extent that a response is required, denied.

42. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint. To the extent that a response is required, denied.

43. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint. To the extent that a response is required, denied.

44. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint. To the extent that a response is required, denied.

45. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint. To the extent that a response is required, denied.

46. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint. To the extent that a response is required, denied.

47. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint. To the extent that a response is required, denied.

48. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint. To the extent that a response is required, denied.

49. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint. To the extent that a response is required, denied.

50. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint. To the extent that a response is required, denied.

51. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint. To the extent that a response is required, denied.

52. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint. To the extent that a response is required, denied.

53. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint. To the extent that a response is required, denied.

54. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint. To the extent that a response is required, denied.

55. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint. To the extent that a response is required, denied.

56. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint. To the extent that a response is required, denied.

57. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint. To the extent that a response is required, denied.

58. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint. To the extent that a response is required, denied.

59. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint. To the extent that a response is required, denied.

60. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint. To the extent that a response is required, denied.

61. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint. To the extent that a response is required, denied.

62. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint. To the extent that a response is required, denied.

63. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint. To the extent that a response is required, denied.

64. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint. To the extent that a response is required, denied.

65. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint. To the extent that a response is required, denied.

66. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint. To the extent that a response is required, denied.

67. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint. To the extent that a response is required, denied.

68. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint. To the extent that a response is required, denied.

69. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint. To the extent that a response is required, denied.

70. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint. To the extent that a response is required, denied.

71. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint. To the extent that a response is required, denied.

72. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint. To the extent that a response is required, denied.

73. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint. To the extent that a response is required, denied.

74. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint. To the extent that a response is required, denied.

75. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint. To the extent that a response is required, denied.

76. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in the first four sentences of Paragraph 76 of the Complaint. To the extent

that a response is required, denied. Defendant admits the remaining allegations in Paragraph 76 of the Complaint.

77. Defendant admits the allegations in Paragraph 77 of the Complaint.

78. Defendant denies the allegations in Paragraph 78 of the Complaint.

## CLAIMS FOR RELIEF[1]

79. Defendant incorporates by reference the preceding allegations as if fully set forth herein.

## COUNT V NEGLIGENCE (Camden)

108. The allegations in Paragraph 108 are legal conclusions to which no response is required. To the extent a response is required, denied.

109. Defendant asserts that the first and last sentences in Paragraph 109 are legal conclusions to which no response is required. To the extent a response is required, denied. Defendant denies the remaining allegations in Paragraph 109.

110. The allegations in Paragraph 110 are legal conclusions to which no response is required. To the extent that a response is required, denied.

111. The allegations in Paragraph 111 are legal conclusions to which no response is required. To the extent that a response is required, denied.

## COUNT VIII—CONSTRUCTIVE DISCHARGE (Camden)

118. The allegations in Paragraph 118 are legal conclusions to which no response is required. To the extent that a response is required, denied.

119. Defendant denies the allegations in Paragraph 119 of the Complaint.

120. Defendant denies the allegations in Paragraph 120 of the Complaint.

---

[1] On December 16, 2024, the Court dismissed Counts I, II, III, IV and VII against Defendant Camden. As such, Defendant responds only to the remaining claims in Counts V and VIII.

121. The allegations in Paragraph 121 are legal conclusions to which no response is required. To the extent that a response is required, denied.

## PRAYER FOR RELIEF

A. Defendant denies that Plaintiff is entitled to the relief set forth in Paragraph A.

B. Defendant denies that Plaintiff is entitled to the relief set forth in Paragraph B.

C. Defendant denies that Plaintiff is entitled to the relief set forth in Paragraph C.

D. Defendant denies that Plaintiff is entitled to the relief set forth in Paragraph D.

E. Defendant denies that Plaintiff is entitled to the relief set forth in Paragraph E.

F. Defendant denies that Plaintiff is entitled to the relief set forth in Paragraph F.

G. Defendant denies that Plaintiff is entitled to the relief set forth in Paragraph G.

H. Defendant denies that Plaintiff is entitled to the relief set forth in Paragraph H.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's claim is barred to the extent that the Complaint fails to state a claim upon which relief may be granted.

2. Defendant did not breach any duty of care to Plaintiff.

3. Defendant was not the proximate cause of any alleged harm which Plaintiff has suffered.

4. Defendant acted at all times in good faith and consistently maintained, implemented, and enforced policies in the workplace prohibiting harassment.

5. Defendant cannot be liable for the actions of its employee to the extent they were contrary to its policies designed to prevent inappropriate conduct in the workplace.

6. Plaintiff's claim is barred to the extent that if any employee of Defendant acted in a manner that violated Plaintiff's rights and/or caused her harm, any such actions were committed

outside the scope or course of the employee's employment and without Defendant's consent, knowledge, or ratification.

7. Plaintiff is not entitled to recover damages to the extent her alleged injuries were caused, in whole or in part, by her own negligence.

8. Without conceding that Plaintiff has suffered any damages because of any alleged unlawful conduct by Defendant, Defendant is entitled to offset any damages to the extent Plaintiff has failed to mitigate her damages.

9. Attorneys' fees and costs are not recoverable for common law tort claims.

10. Plaintiff cannot recover punitive damages because Defendant has not acted with ill will, recklessness, wantonness, oppressiveness, or willful disregard of Plaintiff's rights.

11. Plaintiff's claims are barred to the extent they are the subject of any bankruptcy proceedings or adjudication.

12. Defendant reserves the right to raise additional defenses as may be discovered during the course of this litigation.

**WHEREFORE**, Defendant respectfully requests that the Court dismiss the Complaint with prejudice and enter judgment in its favor, together with the costs and expenses incurred in this lawsuit, including reasonable attorneys' fees and such other and further relief as this Court deems just and proper.

Dated: December 27, 2024                                Respectfully Submitted,


                                                                                                                */s/ Alison N. Davis*
Alison N. Davis (D.C. Bar No. 429700)
Alexis Bosilovic (D.C. Bar No. 90000648)
LITTLER MENDELSON, P.C.
815 Connecticut Avenue, NW
Suite 400
Washington, DC 20006-4046
202.842.3400
866.724.3975 (Facsimile)
andavis@littler.com
abosilovic@littler.com

*Counsel for Defendant Camden Development Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, on this 27th day of December, 2024, that a copy of the foregoing Answer to Complaint was served via the Court's electronic filing system upon counsel for Plaintiff.

Robert Baldwin, III
Virtue Law
1250 Connecticut Ave., NW, Suite 700
Washington, DC 20036
robert@virtuelawgroup.com

                                          */s/Alison N. Davis*
                                          Alison N. Davis