UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAYLA SMITH,<br><br>    *Plaintiff*,<br><br>v.<br><br>CAMDEN DEVELOPMENT INC. et al.,<br><br>    *Defendants*. | Civil Action No. 24-428 (TJK) |

**ORDER**

In February 2024, Plaintiff Kayla Smith sued Defendant Camden Development Inc., asserting eight statutory and common-law claims relating to sex-based discrimination she allegedly suffered while working for Camden from 2021 to 2023. ECF No. 1. Specifically, she alleged that Camden committed common-law torts and violated both Title VII of the Civil Rights Act of 1964 and the D.C. Human Rights Act in allegedly imposing a hugging policy on its employees. *Id.* ¶¶ 80–115, 118–21. She further alleged that Defendant Jose Mancilla, a former Camden employee, used that policy as a means to sexually assault her. *Id.* ¶¶ 110, 116–17. On December 16, 2024, the Court dismissed all but two counts against Camden, leaving only Count V (a negligence claim) and Count VII (a "constructive discharge" claim). *See* Min. Order of Dec. 16, 2024; ECF No. 1 ¶¶ 108–11, 118–21. The Court later granted Camden's motion for judgment on the pleadings for Count VII. Min. Order of May 1, 2025.

The parties are now conducting discovery on Smith's sole remaining claim against Camden, that for negligence. On August 11, 2025, the Court held a conference to discuss a discovery dispute that had arisen between the parties. Following that conference, it ordered the parties to file a joint status report on the status of their dispute by August 19, 2025. Min. Order of Aug. 12,

2025. Then, when the parties again contacted the Court about another discovery dispute, it ordered them to include their positions on the new dispute in their August 19 joint status report. Min. Order of Aug. 19, 2025.

The parties have now filed that report. ECF No. 22.[1] In it, they outline that Camden has objected to several of Smith's discovery requests because they are purportedly either irrelevant or disproportionate to the needs of the case and that the dispute has spilled over into a deposition. *Id.* at 3, 7–9. The dispute largely stems from a "disagree[ment] regarding the nature of the remaining claim, which is essential to determining the scope of discovery." *Id.* at 5. According to Camden, Smith has pleaded "*only* a negligent training claim," meaning her discovery requests going beyond "Camden's sexual harassment, sexual assault, and workplace violence trainings and policies" are irrelevant and disproportionate. *Id.* at 5, 8.

Camden's reading of Smith's complaint is unduly constrained. The Court holds that, read fairly, Count V is not limited to "*only* a negligent training claim." ECF No. 22 at 5. Smith alleges that "Camden owed all of its employees—including Ms. Smith—a duty of reasonable care in protecting her from workplace violence." ECF No. 1 ¶ 109. She further alleges that Camden's alleged "'Hug Life' policy," which purportedly "promot[ed] hugging as part of [Camden's] workplace culture," "endangered young women like Ms. Smith because it subjected them to a culture of coworkers and managers with power over them touching them, notwithstanding consent." *Id.* ¶¶ 27, 109. So she alleges that the imposition of the policy itself breached Camden's duty of care and was therefore negligent. In addition, she alleges that Camden compounded its negligence—

---

[1] The Court admonishes counsel for including the name of one of the Court's law clerks in this report. Since relying on common sense appears insufficient, the Court hereby orders counsel not to publicly identify any of its law clerks again, and it intends to sanction any counsel that violates this order.

or at least failed to mitigate it—by failing to train its employees in ways that would reduce the risk of assault under the alleged policy. *Id.* ¶ 109. At bottom, Smith's allegation that Camden was negligent in failing to train its employees does not preclude her from seeking discovery on the other, perhaps more obvious, aspect of her claim: that Camden was negligent in imposing the alleged policy in the first place. So to the extent that Camden objects to Smith doing so on relevance grounds, Camden's objection is overruled.

Camden responds that Smith's negligence claim cannot be so broadly construed because, had Camden known Count V went beyond a mere negligent-training theory, it "would have moved to dismiss[]" that count. ECF No. 22 at 6. But it is not the Court's job to remedy counsel's potential mistake by ignoring the allegations in the complaint.

Camden next seems to imply that reading Count V as asserting more than a negligent-training claim would conflict with the Court's conclusion that hugging is not "inherently sexual." ECF No. 22 at 8. According to Camden, in ruling on its partial motion to dismiss, the Court held "that it was not foreseeable that [the 'Hug Life' policy] would lead to a sexual assault given that such behavior is not inherently sexual." *Id.* The Court said no such thing. The Court merely concluded that Smith had not plausibly alleged that the policy was "conduct of a sexual nature" such that it could give rise to liability under the D.C. Human Rights Act. ECF No. 14 at 12 (quoting D.C. Code § 2-1402.11(c-2)(2)(B)(i)). Nothing about how the Court ruled on that point should be taken to mean that Smith cannot seek discovery to prove up her claim that, in imposing the alleged hugging policy, Camden was negligent, especially in light of its alleged failure to train. ECF No. 1 ¶ 109.

Camden also objects on relevance grounds to Smith's discovery requests for videos and other evidence of Mancilla's whereabouts on the day he allegedly assaulted Smith. ECF No. 22

3

at 9. But, the Court holds, the requested material is relevant, so Camden's objection is again overruled. Smith alleges that Camden's "Hug Life" policy led to Mancilla's purported assault on her. ECF No. 1 ¶ 110. She further grounds her damages in the harm she purportedly suffered from that assault. *Id.* ¶ 111. Maybe the connection between Camden's policy and the assault will turn out to be a stretch, but Camden can make that argument in a motion for summary judgment.

Camden responds by arguing that the requested materials are irrelevant because *Mancilla's* liability has been established by default. ECF No. 22 at 9. But no default judgment has yet been entered in this case. And even if it had, that Mancilla's liability may be established by default does not mean that Camden is bound by that default or that Smith is relieved of her obligation to prove up her case against Camden. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872).

\*   \*   \*

In light of the above, it is hereby **ORDERED** that the parties shall confer about what, if anything, of their discovery dispute remains and file another joint status report updating the Court by September 16, 2025. It is further **ORDERED** that the discovery deadline shall be **EXTENDED** to October 17, 2025. The Court will consider any request for sanctions once this dispute is fully resolved, taking into account the good faith of the parties in applying this Order to the specific requests for production of documents and interrogatories at issue.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 2, 2025