UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Kayla Smith :
        Plaintiff, :
:
:
v. :
:
: Case No.: 1:24-cv-00428
CAMDEN DEVELOPMENT INC., et al. :
        Defendants. :
:
:

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE DEFENDANT JOSE MANCILLA'S MOTION TO DISMISS

**COMES NOW** Plaintiff, Kayla Smith (hereinafter "Ms. Smith" or "Plaintiff"), by and through counsel, hereby submits this memorandum in support of her opposition to Defendant Jose Mancilla's ("Mr. Mancilla") Motion to Dismiss or in Alternative Motion for Summary Judgment.

### RELEVANT FACTUAL BACKGROUND

Plaintiff filed this instant action on February 13, 2024. ECF No. 1. Plaintiff served Defendant Jose Mancilla four days later on February 18, 2024. ECF No. 4. Plaintiff filed the affidavit of service on March 13, 2024. *Id*. Mr. Mancilla has not made an appearance in this matter until his motion to dismiss on October 29, 2025. ECF No. 27.

Plaintiff also served Defendant Camden Development Inc. ("Camden") on February 27, 2024. Camden first filed a partial motion to dismiss on March 19, 2024. ECF. No. 6. This motion was granted in part and denied in part on December 16, 2024. Both Plaintiff and Camden have actively litigated this matter.

### LEGAL STANDARD

Page 1 of 7
Smith v. Camden, et al.　　　　　　　　1:24-cv-00428
Plaintiff's Opposition to Def. Mancilla's Motion to Dismiss

The Federal Rules of Civil Procedure envision several ways to achieve service of a summons and complaint upon a party. Service of process may be effected "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein[,]" Fed.R.Civ.P. 4(e)(2).

Service also may be effected by leaving copies of the papers "at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein[.]" Fed.R.Civ.P. 4(e)(2). "For purposes of service under this provision, an individual may have more than one 'dwelling house or usual place of abode, provided each contains sufficient indicia of permanence.'" *Ali v. Mid-Atl. Settlement Servs., Inc.*, 233 F.R.D. 32, 36 (D.D.C.) (quoting *Nat'l Dev. Co. v. Triad Holding Corp.,* 930 F.2d 253, 257 (2d Cir.1991). An individual need not be living in that place at that time in order for it to qualify as his usual place of abode for purposes of Rule 4(e). "A usual place of abode may be a college student's permanent home address while the college student is away at college." Ali, 36 (citing to *Hubbard v. Brinton,* 26 F.R.D. 564, 565 (E.D.Pa.1961); *see also TRW, Inc. v. Derbyshire*, 157 F.R.D. 59, 60 (D.Col.1994) (finding service effective when left with an adult at the dwelling house at the address to which defendant instructed his mail to be forwarded).

## LEGAL ARGUMENT

### I. Defendant's Motion Should Be Denied Because Service was Effectuated When He Was Served At His Home In Maryland.

"When a Defendant does not have a permanent place of residence, a Court will consider whether he intended to return to the place of service in order to determine whether it can be characterized as his usual place of abode[.]" *Blue Cross and Blue Shield of Michigan v. Chang,*

109 F.R.D. 669 (E.D.Mich.1986). On the other hand, an intention to return to the usual place of abode is not critical to effective service when the individual has received actual notice. *See Karlsson,* 318 F.2d at 668. *Ali v. Mid-Atl. Settlement Servs., Inc.,* 233 F.R.D. 32, 36–37 (D.D.C.)

In this instant matter, Mr. Mancilla's leasing agreement shows that he owns the home at 637 Maury Ave., Oxon Hill, MD 20745.[1] The process server's affidavit shows that service was effectuated at this address upon Mr. Mancilla. ECF No. 4. Despite Mr. Mancilla's exhibits alleging that he had moved to Florida at the time of service, he shows no proof that he was not present at his Maryland address on February 18, 2024 – the day of service. His Florida tenancy does not establish that he did not accept service at his Maryland house on the date it service; it only shows that he also rent3e an apartment in Florida for one year. However, it is well established that "[f]or purposes of service under this provision, an individual may have more than one 'dwelling house or usual place of abode,' provided each contains sufficient indicia of permanence." *Ali*. The fact that Mr. Mancilla may have had two abodes cannot invalidate service at either one. Because he does not show that he was not present at his house in Maryland when service was made, he has not defeated the presumption of effective service.

Mr. Mancilla may be tempted to rely on the argument that he leased the Maryland address and therefore it could not be his dwelling or usual place of abode. This argument fails by his own exhibit, because the leasing term was only for one year: December 5, 2023 – December 31, 2024.[2] As mentioned "[a]n individual need not be living in that place at that time in order for it to qualify as his usual place of abode for purposes of Rule 4(e)." *Ali*, at 36. "A usual place of abode may be a college student's permanent home address while the college student is away at

---

[1] Def. Motion to Dismiss, Exhibit F (ECF No. 27-1).
[2] *Id*.

Page 3 of 7
Smith v. Camden, et al.                    1:24-cv-00428
Plaintiff's Opposition to Def. Mancilla's Motion to Dismiss

college." *Id*. Just as a case with a college student, Mr. Mancilla reserved the option of returning home from his temporary Florida residence, which ended on February 2, 2025.[3] It is unclear where Mr. Mancilla resides at the moment because he only presents an expired Florida lease to show his Florida residency. Mr. Mancilla does not allege that Florida is his permanent home, and has not provided any evidence that it is permanent home. Therefore, the reasonable assumption is that the Maryland address, upon which service was effectuated, is his permanent abode for the purpose of service.

Lastly, Mr. Mancilla's contention that the process server's description of him was insufficient to establish he was served also fails. Mr. Mancilla specifically disputes three descriptors: his height, weight, and race. As an initial matter, Mr. Mancilla points to no legal authority that requires a description in an affidavit to be within a certain threshold. Surely, it is understood that process servers are not experts at estimating the exact height, weight, and appearance of any individual; nor are process servers armed with a measuring tape to take precise dimensions of the person to be served. A process server's estimation is exactly that – an estimation, generally describing the person served. Moreover, the estimation of Mr. Mancilla was reasonable. Mr. Mancilla's argument that he was not served relies, in part, on there being a significant difference between the 5'3 he claims to be and the low-end 5'4 described in the process server's affidavit.[4] This distinction is frivolous. Next, he contests the weight described, without providing an accurate weight in either of his affidavit exhibit or his driver's license exhibit.[5] Arguing, arguendo, if his weight does falls outside of the range described in the process server's affidavit, that could easily be explained by the fluctuating nature of weight. Finally, his

---

[3] Def. Mot. to Dismiss, Exhibit D.
[4] *Id*., at ¶14.
[5] *Id*., Exhibit A; Exhibit C. Mr. Mancilla's only relies

Page 4 of 7
Smith v. Camden, et al.                1:24-cv-00428
Plaintiff's Opposition to Def. Mancilla's Motion to Dismiss

argument relies on a distinction between the process server's lay understanding of "Hispanic" vs. Mr. Mancilla's contention that he is a "Caucasian male of Hispanic ethnicity."[6] While the undersigned concedes the difference between race and ethnicity, the process server's description is reasonably similar to that of which Mr. Mancilla has admitted in his motion. Of note, Mr. Mancilla also does not contest the age of the person served, which was 45 years; Mr. Mancilla would have turned 45 years old within two months of service.[7] Therefore, this Court should view these distinctions as immaterial.

Mr. Mancilla admits by his exhibits that he 1) owns the Maryland home; 2) temporary leased this address; and 3) temporary leased a Florida apartment. He has not established permanent residence in Florida to overcome his permanent residence through home ownership at the address he was served. He has not provided any evidence that he was not at the Maryland address the day of service. He is reasonably described as the person who received the complaint and summons in the process server's affidavit. He only relies on his affidavit that it was him who was served. However, this Court has recognized that "[a] naked refutation of a process server's affidavit is insufficient to rebut the presumption of effective service that a process server's affidavit establishes." *Ali v. Mid-Atl. Settlement Servs., Inc.,* 233 F.R.D. 32, 38 (D.D.C.). Accordingly, his motion must be denied.

## II. Defendant's Motion Should Be Denied Because Service was Effectuated When An Adult Was Served At His Home In Maryland.

Assuming, arguendo, that Mr. Mancilla was not served at his Maryland property, it is uncontested that an adult was served at that property. ECF No. 4. The process server's affidavit

---

[6] *Id.*, at ¶5.
[7] *Id.*, Exhibit C.

Page 5 of 7
Smith v. Camden, et al.          1:24-cv-00428
Plaintiff's Opposition to Def. Mancilla's Motion to Dismiss

states that the recipient of the documents was 45-years-old. Again, Mr. Mancilla was two months shy of 45-years-old at the time of service, but even if he was not home, another 45-year-old who leased the home received the documents. Therefore, service was effectuated by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4. Therefore, even if Mr. Mancilla was not personally served, service was still effectuated upon him by serving another resident of suitable age.

## Conclusion

For the foregoing reasons, the Defendant's Motion to Dismiss should be denied.

Respectfully Submitted,

_____
Robert Baldwin III, Esq.
Bar No. 90002020
Virtue Law
1250 Connecticut Ave, Suite 700
Washington D.C., NW 20036
T: (301) 821-6407
Robert@virtuelawgroup.com
*Counsel for Plaintiff*

Page 6 of 7
Smith v. Camden, et al.   1:24-cv-00428
Plaintiff's Opposition to Def. Mancilla's Motion to Dismiss

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 12th day of November 2025, a copy of the foregoing Opposition to the Defendant's Motion to Dismiss was served via electronic mail upon the following:

Raymond R. Jones

800 Connecticut Ave., NW

Suite 300

Washington DC 20006

Counsel for Jose Mancilla

and

Alison N. Davis and Alexis Bosilovic

Littler Mendelson, P.C.

815 Connecticut Avenue, NW

Suite 400

Washington DC 20006

*Counsel for Camden Development, Inc.*

Respectfully Submitted,

_____
Robert Baldwin III, Esq.
Bar No. 90002020
Virtue Law
1250 Connecticut Ave, Suite 700
Washington D.C., NW 20036
T: (301) 821-6407
Robert@virtuelawgroup.com
*Counsel for Plaintiff*

Page 7 of 7
Smith v. Camden, et al.                    1:24-cv-00428
Plaintiff's Opposition to Def. Mancilla's Motion to Dismiss