UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAYLA SMITH,<br><br>    *Plaintiff*,<br><br>v.<br><br>CAMDEN DEVELOPMENT INC. et al.,<br><br>    *Defendants*. | Civil Action No. 24-428 (TJK) |

**ORDER**

Plaintiff Kayla Smith sued Defendants Camden Development Inc. and Jose Mancilla in February 2024 for sexual harassment and other torts, and Mancilla failed to respond to the complaint. Mancilla now moves to dismiss for lack of service. For the reasons described below, the Court will deny his motion. Even though Plaintiff has not shown Mancilla was properly served, the Court will give Plaintiff a chance to do so.

**I.  Background**

In March 2024, Plaintiff filed a process server's affidavit stating that Mancilla was served at a property in Oxon Hill, Maryland, on February 18. ECF No. 4. The process server attested that he "[p]ersonally served" Mancilla, whom he described as a 45-year-old Hispanic male between five feet four inches and five feet eight inches tall, weighing about 161–200 pounds. *Id.* Mancilla did not respond to the complaint or otherwise appear in the following months. Meanwhile, the Court held a scheduling conference with Plaintiff and Camden Development, and they are engaged in discovery. *See* ECF No. 20; Minute Order of November 24, 2025.

Mancilla now moves to dismiss for insufficient service of process. ECF No. 27. He claims that he was not living in Maryland or present at the Oxon Hill property in February 2024 and did

not know about this suit until he was contacted by Plaintiff's counsel in October 2025. *Id.* ¶ 2. Mancilla avers that he has not lived at the Oxon Hill property since August 2022 and that, in November 2023, he relocated to Doral, Florida to be close to an ill relative. *Id.* ¶¶ 6–8. He reports that he "has resided continuously in Doral, Florida since November 30, 2023," and has returned only once to the Washington D.C. area for a visit. *Id.* ¶ 11. He further states that he leased the Oxon Hill property to another person from December 2023 to December 2024—which includes the February 2024 date when he was supposedly served there. *Id.* ¶ 10. Mancilla also attests that the person described in the process server's affidavit does not meet his physical description, in part because he is shorter and weighs less than the affidavit describes. *Id.* ¶¶ 4–5.

In support of these claims, Mancilla provides a sworn affidavit; a receipt for a U-Haul moving truck rented to assist with his move from Maryland to Miami, Florida in November 2023; his own lease agreement for an apartment in Doral, Florida showing a rental period from November 2023 to February 2025; a lease agreement for his Oxon Hill property showing that it was rented to another person from December 2023 to December 2024; and a Florida driver's license corroborating his claims about his height and weight. ECF No. 27-1.

**II.    Analysis**

A plaintiff bears the burden of establishing that she has properly effected service of process. *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987). And an individual may be served, among other ways, by "delivering a copy of the summons and of the complaint to the individual personally" or by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2).

Plaintiff has not shown that she caused Mancilla to be personally served. She claims that "[t]he process server's affidavit shows that service was effectuated at [the Oxon Hill] address upon Mr. Mancilla," and "he shows no proof that he was not present at his Maryland address on February

2

18, 2024." ECF No. 28 at 3. But *Plaintiff* bears the burden to show that Mancilla—as opposed to another adult—personally accepted service of process in February 2024. And the process server's affidavit is no match for Mancilla's sworn statement that he had moved to Florida by then and was not present at the Oxon Hill property, especially since it is backed up by substantial documentary proof.

Plaintiff has also not shown that she served a competent adult at Mancilla's dwelling or usual place of abode, because she has not proven that the Oxon Hill property was such a place at the time. There is no "hard and fast" definition for a "dwelling or usual place of abode" under Rule 4(e); "rather, the determination turns on the facts and circumstances of each case." *Cherry v. District of Columbia*, 17-cv-2263 (ABJ), 2018 WL 11386839, at *4 (D.D.C. 2018) (quotation omitted). Plaintiff analogizes Mancilla's residence in Florida and lease of the Oxon Hill property to the case of a college student who—at least one court concluded—may be served at a permanent address while away at school. ECF No. 28 at 3–4 (citing *Ali v. Mid-Atl. Settlement Servs., Inc.*, 233 F.R.D. 32, 36 (D.D.C. 2006)). She argues that, like a college student, "Mancilla reserved the option of returning home from his temporary Florida residence." *Id.* at 4. Maybe. But unlike what might be inferred about a college student, Plaintiff has no proof that Mancilla had or has any intention to return to live at the Oxon Hill property for even a single night. Nor has Plaintiff shown any other "indicia" suggesting that Mancilla intends to live there again—for example, that he "instructed his mail to be forwarded" there—or that he "received actual notice" of this suit, factors Plaintiff acknowledges are relevant to whether the Oxon Hill property was Mancilla's dwelling or usual place of abode. *Id.* at 2–3. Indeed, Mancilla denies that he knew about this suit until October 2025. ECF No. 27 ¶ 2.

For all these reasons, Plaintiff has not met her burden of showing that Mancilla was properly served in February 2024. But that does not mean the Court should necessarily grant Mancilla's motion to dismiss. When a defendant is not served within the time limit specified by Rule 4, the Court may "dismiss the action without prejudice against that defendant or order that service be made within a specific time." Fed. R. Civ. P. 4(m). Here, under the circumstances in which Plaintiff reasonably but mistakenly thought she had served Mancilla months ago, justice is best served by allowing Plaintiff an opportunity to perfect service on him. *See Candido v. District of Columbia*, 242 F.R.D. 151, 164 (D.D.C. 2007).

### III. Conclusion and Order

For all the above reasons, it is hereby **ORDERED** that Mancilla's Motion to Dismiss, ECF No. 27, is **DENIED**. It is further **ORDERED** that Plaintiff shall serve Mancilla and file proof of service by January 8, 2026.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: December 4, 2025