**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

KAYLA SMITH,

    *Plaintiff*,

  v.

CAMDEN DEVELOPMENT INC. et al.,

    *Defendants*.

Civil Action No. 24-428 (TJK)

## MEMORANDUM ORDER

Kayla Smith sued Defendants Camden Development Inc. and Jose Mancilla in February 2024, bringing claims for sexual harassment under both federal and District of Columbia law, as well as for common-law torts. Her claims focus on Camden's "Hug Life" policy, which she alleges caused a hostile work environment and facilitated her sexual assault at the hands of Mancilla. Camden moved to dismiss and then for judgment on the pleadings, and the Court resolved all the claims against it in its favor, leaving one count of common-law negligence remaining against it. Mancilla—whom Smith did not successfully serve until 2025—now moves to dismiss the two claims against him: sexual harassment and battery, each brought under District of Columbia law. He argues that the Court lacks subject-matter jurisdiction over the claims against him because no federal claims remain in the case. For the reasons explained below, the Court has supplemental jurisdiction over the claims against Mancilla and will exercise its discretion to maintain that jurisdiction, even though no federal claims remain. Thus, it will deny his motion.

## I.    Background

Smith alleges that she began working as a leasing consultant at Camden, a real estate management company, in 2021. ECF No. 1 ¶ 10. During her orientation, Smith was required to watch

videos setting out Camden's so-called "Hug Life" policy, that "promoted [Camden's] hugging policy as its workplace culture." *Id.* ¶ 25. One such "Hug Life" video stated that at Camden "hugging is simply a part of who we are," and "now that you're a part of the Camden Family, we look forward to hugging you too." *Id.* ¶ 26. Smith alleges that she was sexually assaulted at work by Mancilla because of the policy. She claims that Mancilla, a maintenance manager at Camden, asked Smith for a hug while the two were alone in one of Camden's rental units in March 2022. *Id.* ¶¶ 43, 48. Because of Camden's alleged "workplace hugging policy and culture," Smith was "accustomed to hugging coworkers and managers" and agreed to hug Mancilla. *Id.* ¶ 49. But then, she alleges, Mancilla refused to end the hug and began sexually assaulting her. *Id.* ¶¶ 50–67.

Smith sued Camden and Mancilla in February 2024. ECF No. 1. She asserted eight counts. Counts I through III are sexual harassment claims against Camden under Title VII and the District of Columbia Human Rights Act ("DCHRA") based on Camden's alleged "Hug Life" policy. *Id.* ¶¶ 82–100. Count IV is a sexual harassment claim against both Defendants under the DCHRA based on Mancilla's alleged assault. *Id.* ¶¶ 101–107. Count V and VI are negligence and battery claims against Camden stemming from the sexual assault, Count VII is a battery claim against Mancilla based on the same, and Count VIII is a constructive discharge claim against Camden. *Id.* ¶¶ 108–121.

Smith purportedly served both Defendants soon after filing suit, *see* ECF Nos. 3, 4, and Camden then moved to dismiss Counts I through VI for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 6. Mancilla, for his part, did not timely respond to the Complaint. The Court granted Camden's Motion to Dismiss in part and dismissed Counts I, II, III, and VI, and dismissed Count IV as to Camden. Minute Order of Dec. 16, 2024; ECF No. 14. Proceeding without Mancilla, the Court then held an initial scheduling conference with Smith and

2

Camden in February 2025 and entered a scheduling order as to discovery on Counts V and VIII, the sole remaining claims against Camden. *See* ECF No. 20. Camden then moved for judgment on the pleadings as to Count VIII, which the Court granted, leaving only Count V, the negligence claim, remaining against Camden. ECF No. 21; Minute Order of May 1, 2025.

In October 2025, while Smith and Camden were engaged in discovery, Mancilla appeared for the first time. ECF No. 26. He moved to dismiss under Federal Rule of Civil Procedure 12(b)(5), arguing that Smith failed to properly serve him. ECF No. 27. The Court agreed that Smith had not met her burden to show that she properly served Manilla but denied Mancilla's motion to dismiss. ECF No. 31. Instead, the Court allowed Smith more time to serve Mancilla properly, which she did in December 2025. *Id.*; ECF No. 36.

Mancilla now moves to dismiss again, this time under Rule 12(b)(1). ECF No. 45. He argues that this Court lacks subject-matter jurisdiction over Smith's claims against him because the Court's dismissal of all federal claims extinguished the Court's supplemental jurisdiction over the two claims against him—Counts IV and Count VII—both of which are based on District of Columbia law. *See id.* In response, Smith argues that the Court should exercise its discretion to retain supplemental jurisdiction over these claims. ECF No. 46.

## II.    Legal Standard

"Federal [district] courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Under Rule 12(b)(1), the plaintiff has the burden to establish the Court's subject-matter jurisdiction. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006).

When a district court has "original jurisdiction" over a claim, it also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original

jurisdiction that they form part of the same" Article III "case or controversy." 28 U.S.C. § 1367(a).

In simpler terms, "a federal court often has the power to decide state-law questions" if the complaint brings a sufficiently related federal-law claim. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 27 (2025). Still, "courts may decline to exercise supplemental jurisdiction over" a state-law claim even when they could keep the claim under the jurisdictional grant within § 1367(a). *See* 28 U.S.C. § 1367(c). A "district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). And this question "is not a jurisdictional matter," but rests in the discretion of the court. *Id.* at 640 (quoting 16 J. Moore et al., Moore's Federal Practice § 106.05[4], pp. 106–27 (3d ed. 2009)). The factors courts consider in such cases are "judicial economy, convenience, fairness, and comity." *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1266 (D.C. Cir. 1995).

## III.    Analysis

In light of the legal standard laid out above, Mancilla's motion does not really raise a challenge to the Court's jurisdiction. From the beginning, the Court had federal-question jurisdiction over the Title VII claims against Camden, as well as supplemental jurisdiction over the remaining state-law claims, including those against Mancilla, because they are plainly "sufficiently related" to the federal claims to form part of the same Article III case or controversy.[1] 28 U.S.C. § 1367(a). Indeed, no party suggests otherwise. Count III, one of Smith's since-dismissed Title VII claims against Camden, alleged that Camden's "Hug Life" policy created a hostile work environment because Mancilla "used the hugging policy as an entry point to sexually assault" Smith. ECF No.

---

[1] Mancilla also argues that Smith has not pleaded that the parties are completely diverse, such that diversity jurisdiction applies. ECF No. 45. But because the Court has supplemental jurisdiction over the claims against Mancilla, it need not reach that argument.

¶ 99. And Mancilla's alleged assault of Smith is the factual basis for the state-law claims against Mancilla. ECF No. 1 ¶¶ 104, 116.

After the Court's dismissal of the federal claims, then, the question is not whether it *has* jurisdiction over the remaining claims, including those claims against Mancilla—it does—but whether it should exercise its discretion to maintain that supplemental jurisdiction over them.[2] *See* 28 U.S.C. § 1367(c). Unfortunately, Mancilla, perhaps distracted by the jurisdictional issue, did not address the factors relevant to that discretionary call at all. But after considering them, the Court opts to continue to exercise jurisdiction over the claims against Mancilla.

To begin, judicial economy, convenience, and fairness to Smith all strongly favor maintaining jurisdiction over the claims against Mancilla. Smith filed her case in this court, and it is a well-worn principle that "the plaintiff should be allowed to adjudicate [her] claims in [her] chosen forum." *Ruffin v. Fenty*, No. 09-cv-1237 (RBW), 2010 WL 8754288, at *3 (D.D.C. Sept. 13, 2010); *see also Shekoyan v. Sibley Int'l*, 409 F.3d 414, 424 (D.C. Cir. 2004) (weighing the "fairness to the plaintiff"). Smith also filed the case over two years ago. ECF No. 1. By now, the Court is familiar with the underlying claims. And at this point, Smith and Camden have engaged in extensive discovery. In addition, the factual basis for the claims against Camden and Mancilla significantly overlap, to the point where Smith already sought to take Mancilla's deposition in connection with her claims against *Camden*. *See* ECF No. 40 at 4. So the posture of the case strongly supports maintaining jurisdiction over the claims against Mancilla. *Cf. Mattwaoshshe v. United States*, 557 F. Supp. 3d 28, 44 (D.D.C. 2011) (opting not to exercise supplemental jurisdiction over state-law claims "[g]iven the early stage of these proceedings and the fact that discovery has not yet taken

---

[2] The Court exercised its discretion to maintain supplemental jurisdiction over the state-law claims against Camden, to which Camden did not object.

place"); *Ruffin*, 2010 WL 8754288, at *3 (dismissing state-law claims after weighing that "neither the Court nor the parties have invested a significant amount of resources in adjudicating this matter in this Court").  Finally, comity is no barrier to maintaining supplemental jurisdiction over the claims against Mancilla.  The Court is unaware of any novel question of state law implicated by these claims that would weigh strongly in favor of declining jurisdiction.  *Cf. Manyan v. District of Columbia*, No. 23-cv-3192 (TJK), 2025 WL 315140, at *10 (D.D.C. Jan. 28, 2025) (basing decision to decline jurisdiction on the presence of a "complex state-law issue").[3]

## IV.   Conclusion and Order

For all the above reasons, it is hereby **ORDERED** that Mancilla's Motion to Dismiss, ECF No. 45, is **DENIED**.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: June 23, 2026

---

[3] Mancilla requests that the Court sanction Smith because, he argues, the Complaint asserts no valid basis for the Court's jurisdiction over the claims against him.  ECF No. 24-1 at 13–15. For the reasons explained, the Court *has* supplemental jurisdiction over the claims against Mancilla, and it will continue to exercise that jurisdiction, so no sanctions are warranted.